SUPPRESSED
FILED

AUG 18 2021

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,    )<br>             )<br>   Plaintiff,       )<br>             )<br>   v.          )<br>             )<br>TERRELLE MARION,        )<br>             )<br>   Defendant.       ) | 4:21CR460 RWS/NCC |

## INDICTMENT

The Grand Jury charges:

### COUNTS 1 THROUGH 3

(Bank Fraud)

**A. FINANCIAL INSTITUTIONS**

1. At all times relevant to the indictment, U.S. Bank and Commerce Bank were financial institutions insured by the federal government through the Federal Deposit Insurance Corporation.

**B. THE SCHEME TO DEFRAUD**

2. Between on or about November 30, 2018 and on or about February 28, 2019, within the Eastern District of Missouri, the defendant,

**TERRELLE MARION,**

devised a scheme and artifice to obtain moneys, funds, and assets owned by and under the custody and control of a federally insured financial institution by means of false and fraudulent pretenses and representations.

3. The scheme and artifice to defraud was in substance as follows:

a. It was part of the scheme and artifice to defraud that the defendant opened a business checking account at U.S. Bank in the name of Mogal Industries, LLC, a business that was organized in 2011 by S.M.

b. It was further part of the scheme and artifice to defraud that the defendant submitted a Resolution of Limited Liability Company to U.S. Bank advising the federally insured financial institution that he was the owner of Mogal Industries, LLC and that he was the authorized agent of the company.

c. It was further part of the scheme and artifice to defraud that the defendant deposited stolen and forged personal checks into the business account he opened at U.S. Bank.

d. It was further part of the scheme and artifice to defraud that the defendant's fraudulent deposits artificially inflated the account balance.

C.  **The Financial Transactions**

4.  On or about the dates listed below, in the Eastern District of Missouri, the defendant,

**TERRELLE MARION,**

executed and attempted to execute the scheme and artifice as set forth above, in that, the following fraudulent deposits were deposited into an account **TERRELLE MARION** opened at U.S. Bank, a federally insured financial institution:

| COUNT | DATE | FRAUDULENT DEPOSIT | AMOUNT DEPOSITED |
|---|---|---|---|
| 1 | January 31, 2019 | Commerce Bank Check 2339 | $2,105.00 |
| 2 | January 31, 2019 | Commerce Bank Check 1582 | $2,408.00 |
| 3 | January 31, 2019 | Commerce Bank Check 1584 | $2,103.00 |

All in violation of Title 18, United States Code, Sections 1344 and 2.

## COUNTS 4 THROUGH 5

(Identity Theft)

The allegations contained in paragraphs 1 through 3 of this Indictment are re-alleged and incorporated by reference as if fully set out herein.

**Possession and Use of the Names of Others**

5.  On or about the dates listed below, in the Eastern District of Missouri, the defendant,

**TERRELLE MARION,**

in a matter affecting interstate commerce, knowingly transferred, possessed, and used, without lawful authority, the means of identification of another, that being the names of the individuals listed below, with the intent to commit, and in connection to the crimes of forgery in violation of Missouri Revised Statutes 570.090, knowing that the means of identification belonged to actual individuals:

| **COUNT** | **DATE** | **FORGED SIGNATURE** | **FRAUDULENT CHECK** |
|---|---|---|---|
| 4 | January 31, 2019 | N.J.B. | Commerce Bank Check 1582 |
| 5 | January 31, 2019 | N.J.B. | Commerce Bank Check 1584 |

All in violation of Title 18, United States Code, Section 1028(a)(7) and 2.

## COUNTS 6 THROUGH 8

(Aggravated Identity Theft)

The allegations contained in paragraphs 1 through 3 of this Indictment are re-alleged and incorporated by reference as if fully set out herein.

**Possession and Use of the Names of Others**

6. On or about the dates listed below, in the Eastern District of Missouri, the defendant,

**TERRELLE MARION,**

did knowingly possess and use, without lawful authority, the means of identification of another, that being the names of the individuals listed below, during and in relation to the commission of the felony offense of bank fraud, Title 18, United States Code, Section 1344:

| **COUNT** | **DATE** | **NAMES** | **FRAUDULENT CHECK** |
|---|---|---|---|
| 6 | January 31, 2019 | E.G. AND D.G | Commerce Bank Check 2339 |
| 7 | January 31, 2019 | N.J.B. AND C.B. | Commerce Bank Check 1582 |
| 8 | January 31, 2019 | N.J.B. AND C.B. | Commerce Bank Check 1584 |

All in violation of Title 18, United States Code, Section 1028A and 2.

## FORFEITURE ALLEGATION

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1344, upon conviction of an offense in violation of Title 18, United States Code, Section 1344 as set forth in Counts 1, 2, and 3, the defendant shall forfeit to the United States of America any property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of such violation(s) and any personal property used or intended to be used to commit the offense.

2. Subject to forfeiture is a sum of money equal to the total value of any property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of the violations set forth in Counts 1, 2, and 3.

3. Pursuant to Title 18, United States Code, Sections 982(a)(2)(B) and 1028, upon conviction of an offense in violation of Title 18, United States Code, Section 1028 as set forth in Counts 5, 6, 7, and 8, the defendant shall forfeit to the United States of America any property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of such violation(s) and any personal property used or intended to be used to commit the offense.

4. Subject to forfeiture is a sum of money equal to the total value of any property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of the violations set forth in Counts 5, 6, 7, and 8.

5. If any of the property described above, as a result of any act or omission of the defendant(s):

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to

Title 21, United States Code, Section 853(p).

A TRUE BILL.

_____
FOREPERSON

SAYLER A. FLEMING
United States Attorney

_____
TRACY LYNN BERRY - 014753 TN
Assistant United States Attorney

6